# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT HARRISON | § | |
| | § | |
| v. | § | Civil Action No.  4:17-CV-00604 |
| | § | Judge Mazzant |
| OBIORA M. EKWEANI, M.D., P.A. d/b/a | § | |
| FRISCO CLINICS & URGENT CARE | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Obiora M Ekwani, M.D., P.A.'s Motion for Summary Judgment (Dkt. #29) and Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence (Dkt. #32). Having considered the motions and the relevant pleadings, the Court finds that Defendant's motion should be denied and Plaintiff's motion should be denied as moot.

## BACKGROUND

Plaintiff Robert Harrison is a licensed Radiological Technologist. At some point between April 27, 2016 and May 4, 2016, Plaintiff applied for a position with Defendant. Plaintiff submitted a resume and completed an employment application packet. Defendant interviewed Plaintiff for a job opening. After the interview, Defendant conducted a background check and reference checks. Defendant expressed interest in making Plaintiff an offer.

According to Defendant, during this post-interview screening, Defendant discovered that Plaintiff lied about his current employment status on multiple occasions. Based on that discovery, Defendant determined that an employment offer was not warranted. However, Plaintiff claims that he was not dishonest about his current employment and that the reason that Defendant did not extend an offer is due to the fact that Defendant discovered Plaintiff filed a Title VII complaint

against his previous employer. Plaintiff states that Ife Ekweani, the administrator of Defendants, even called him and told him that was the reason he was not hired for the position.

Based on this set of facts, Plaintiff filed suit against Defendant on August 29, 2017, asserting claims for unlawful retaliation under Title VII and Section 21.055 of the Texas Labor Code (Dkt. #1). On March 22, 2018, Defendant filed its motion for summary judgment (Dkt. #29). On April 12, 2018, Plaintiff filed a response to the motion for summary judgment (Dkt. #33). Additionally, on April 10, 2018, Plaintiff filed its motion to strike Defendant's summary judgment evidence (Dkt. #32). On April 25, 2018, Defendant filed a response to the motion to strike (Dkt. #34) and Plaintiff filed a reply on May 2, 2018 (Dkt. #35).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of

material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden

of proof on a claim or defense for which it is moving for summary judgment, it must come forward

with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or

defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant

bears the burden of proof, the movant may discharge the burden by showing that there is an absence

of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning

News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the

nonmovant must "respond to the motion for summary judgment by setting forth particular facts

indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at

248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion

for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn

allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this

burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss

a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440

(5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The

Court must consider all of the evidence but "refrain from making any credibility determinations or

weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th

Cir. 2007).

## ANALYSIS

Defendant moved for summary judgment arguing that the Court should dismiss Plaintiff's

claims for unlawful retaliation practice in violation of Title VII of the Civil Rights Act and Section

21.055 of the Texas Labor Code. After a careful review of the record and the arguments presented,

the Court is not convinced that Defendant has met its burden demonstrating that there is no material

issue of fact as to Plaintiff's unlawful retaliation claims entitling it to judgment as a matter of law. Accordingly, the Court finds that the motion should be denied.

Because the Court denies the motion, the Court finds it unnecessary to strike any of Defendant's summary judgment evidence. As such, the Court finds that motion to strike should be denied as moot.

## CONCLUSION

It is therefore **ORDERED** Defendant Obiora M Ekwani, M.D., P.A.'s Motion for Summary Judgment (Dkt. #29) is hereby **DENIED** and Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence (Dkt. #32) is hereby **DENIED as moot**.

**SIGNED this 25th day of June, 2018.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE